EL PUEBLO, DEMANDANTE Y APELADO, *v.* PÉREZ ET AL.,
ACUSADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Humacao en
causa por conspiración.

No. 1392.—Resuelto en julio 24, 1919.

CONSPIRACIÓN—ACUSACIÓN—MENS REA.—Generalmente las palabras que imputan
malicia, intención o *mens rea,* son insuficientes para agregar otros hechos
a una acusación fuera de tal *mens rea,* y una acusación en la que meramente
se alega que dos personas se pusieron de acuerdo para apropiarse cierta
suma de dinero, sin exponer hechos que constituyan una conspiración es in-
suficiente.

ID.—PRUEBA.—Si en una causa por conspiración para defraudar al gobierno
una cantidad de dinero toda la prueba es circunstancial y únicamente tiende
a establecer que uno u otro de los acusados puede ser culpable, la posibilidad
de que uno de ellos o ambos puedan ser culpables no prueba la conspiración.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Carlos Travecier y Juan
B. Huyke.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tri-
bunal.

La acusación formulada en este caso imputaba en sus-
tancia un delito de conspiración, por cuanto José Manuel Pé-
rez, después de preparar comprobantes falsos para acredi-
tar que ciertos trabajadores habían realizado trabajo, que
en realidad no habían hecho, presentó dichos comprobantes
al contador municipal, y que José Manuel Pérez y José Gon-
zález se pusieron de común acuerdo para ejecutar los actos
anteriores con el propósito de obtener beneficio para ambos
con la intención de que el tesorero municipal expidiera un
cheque por el importe fraudulento que fué cobrado por José
González, quien en unión de José Manuel Pérez se apropió de
la cantidad de $7.20 de su producto perteneciente al mu-
nicipio.

Tenemos una duda muy grande de si en la acusación se
imputa un delito de conspiración. Ni José Manuel Pérez ni
José González han sido identificados, ni consta tampoco por

qué el contador debía librar un cheque a solicitud de José Manuel Pérez, ni cómo podía cobrar José González el importe del cheque el cual, ateniéndonos a las alegaciones de la acusación, no aparece que fuera librado a su orden. Hasta cierto punto figura José Manuel Pérez actuando por su cuenta y luego se une a José González, no por medio de una alegación de hechos, sino por la conclusión del fiscal de actuar ambos de común acuerdo. Generalmente las palabras que imputan malicia, intención o *mens rea,* son insuficientes para agregar otros hechos a una acusación fuera de tal *mens rea.* El único hecho que claramente ha sido imputado es que los dos acusados se pusieron de común acuerdo para apropiarse la suma de $7.20, procedente de un cheque que es de presumirse se encontraba legalmente en poder de uno u otro de los acusados, no revelando claramente la acusación cuál de ellos lo tenía. Una acusación en la que meramente se alega que dos personas se pusieron de acuerdo para apropiarse la suma de $7.20, sin exponer hechos que constituyan una conspiración es insuficiente.

Sin embargo, no se levanta cuestión alguna en particular respecto a la insuficiencia de la acusación pero se insiste en la insuficiencia de la prueba, resultado que podría anticiparse en vista de este inusitado esfuerzo para establecer una conspiración por mera aseveración. De la prueba se vió que José Manuel Pérez era el alcalde de Humacao y José González el portero o conserje de la alcaldía. Hubo prueba tendente a mostrar que aunque el tesorero estaba en el deber, de acuerdo con la ley, de pagar a los trabajadores, sin embargo los sábados por las tardes se libraba un cheque firmado por el tesorero por orden del alcalde, al parecer en blanco, a otra persona, el conserje, quien por orden del alcalde quedaba obligado a pagar a los trabajadores. No existe prueba directa de que en esta ocasión en particular fuera entregado el cheque a González o que éste lo hubiera cobrado, pero sí hay prueba de haber González pagado a algunos de los trabajadores lo que es de presumirse veri-

ficó con el producto del cheque. Este cheque era de $38.55 de cuya suma sólo $31.35 fué en realidad pagada a los trabajadores quedando la cantidad de $7.20 que nunca fué pagada a los trabajadores que realizaban trabajos municipales, ni devuelta jamás al tesoro municipal. Un testigo del fiscal declaró que González generalmente entregaba al alcalde el dinero que no había sido pagado pero no existe prueba de que en este caso hubiera hecho tal entrega. Hay prueba que no ofrece duda alguna de que el alcalde preparó un comprobante por $38.55, pero en verdad la prueba es muy insignificante en cuanto al hecho de que cuando él firmó dicho comprobante sabía que una parte de su importe no se debía. Podemos aceptar el hecho de que el dinero llegó a manos de González pero eso es todo lo que sabemos. Si él no retuvo ninguna parte del mismo sino que lo entregó todo al alcalde, como se ha indicado, no existe prueba alguna de conspiración o de ninguna complicidad por parte de González. Si este último retuvo toda la suma para sí entonces no aparece la intervención del alcalde en este acto delictivo. El Gobierno en sus investigaciones averiguó que el dinero estaba en poder de González y eso es aproximadamente todo lo que sabemos. No existe prueba alguna de que él era una persona que no hacía otra cosa sino obedecer ciegamente a lo que se le mandó que hiciera. Supongamos que González actuando con órdenes recibidas entregó el dinero al alcalde y que sospechaba o sabía que el alcalde se apropiaría dicho dinero. ¿Dónde estaba la confabulación o intención criminal de González? *El Pueblo* v. *Cofresí et al.*, 22 D. P. R. 749. Existe prueba de que el tesorero municipal también actuaba de acuerdo con órdenes del alcalde y que pasó este dinero al mensajero o agente del alcalde. Todo el mundo obedecía al alcalde, y la sospecha de culpabilidad por parte de González no establece la prueba de combinación que exige la ley penal. Toda es prueba circunstancial que debe encaminarse a una sola conclusión si bien en este caso pueden establecerse varias conclusiones diferentes. Una es que quizás el por-

tero es solamente culpable. Otra que lo sea únicamente el alcalde. La posibilidad de que cualquiera de ellos o ambos pueda ser culpable no prueba la conspiración.

Debe revocarse la sentencia y absolverse a los acusados.

> *Revocada la sentencia apelada y absueltos los acusados.*

Jueces concurrentes: Sres. Asociados del Toro, Aldrey y Hutchison.

El Juez Presidente Sr. Hernández no tomó parte en la resolución de este caso.